# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA                                                   PLAINTIFF

v.                   CASE NO. 4:17-CR-00153-BSM

CLAYTON COLBY MARTINEZ                                         DEFENDANT

## ORDER

Clayton Colby Martinez's motion to suppress [Doc. No. 59] is denied.

## I. BACKGROUND

Martinez is charged with being a felon in possession of a firearm and ammunition and seeks to suppress statements he made during a video interrogation by ATF Task force Officer Michael Gibbons on November 30, 2016.

## II. DISCUSSION

The motion to suppress is denied because Martinez voluntarily, knowingly, and intelligently waived his right to remain silent and because he did not later unequivocally invoke his right to remain silent. *See United States v. Vinton*, 631 F.3d 476, 483 (8th Cir. 2011) (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)); *Simmons v. Bowersox*, 235 F.3d 1124, 1131 (8th Cir. 2001) (citing *United States v. Cody*, 114 F.3d 772, 775 (8th Cir. 1997)).

Martinez argues that he did not voluntarily, knowingly, and intelligently waive his *Miranda* rights because Gibbons made statements to intimidate or coerce him into talking, told him "all you can do right now is help yourself; you can't hurt yourself," and told him the

waiver form meant he understood, not that he was waiving his rights. During the interrogation, Gibbons read each line of the waiver form, asked if Martinez understood, and then asked him to initial indicating that he understood. Martinez asked for clarification when confused, and then initialed and signed the form. Gibbons's statement that Martinez could not hurt himself was not made in an attempt to deceive Martinez and was made only after Martinez acknowledged that he understood his rights and signed the *Miranda* waiver form. *Cf. United States v. Beale,* 921 F.2d 1412, 1435 (11th Cir. 1991) (waiver involuntary where defendant was told signing the form would not hurt him); *Hart v. Attorney Gen. of Fla.*, 323 F.3d 884 (11th Cir. 2003) (statements were involuntary where defendant inquired about his right to counsel and officer stated that honesty could not hurt him). Given the totality of the circumstances, including the fact that Martinez has a criminal history and multiple previous encounters with law enforcement, Martinez waived his rights knowingly, voluntarily, and intelligently.

Martinez also did not unequivocally invoke his right to remain silent because did not make any statements indicating that he did not want to talk prior to signing the *Miranda* waiver form, and his statement after signing the form that he "[didn't] really want to talk about it because [he didn't] know really what's going on" is not an unequivocal invocation of his right to remain silent. *United States v. Adams*, 820 F.3d 317, 322 (8th Cir. 2016). While Martinez did shake his head when Gibbons asked "how long have you had those guns?," Martinez then responded to the question, which negates any argument that his head shake meant he was invoking his right to remain silent.

IT IS SO ORDERED this 9th day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE